Tracy J. HARRIS, Jr., Plaintiff–Appellant,

v.

RESOLUTION TRUST CORPORATION, as receiver for Community Federal Savings and Loan Association of Tampa, by the Federal Deposit Insurance Corporation, as Manager for the Conservator, Defendants–Appellees.

No. 90–3740.

United States Court of Appeals, Eleventh Circuit.

Aug. 23, 1991.

Steven T. Northcutt, Levine, Hirsch, Segall & Northcutt, P.A., Tampa, Fla., for plaintiff-appellant.

Thomas C. MacDonald, Sharyn B. Zuch, Shackleford, Farrior, Stallings & Evans, Tampa, Fla., for Federal Sav.

Resolution Trust Corp., Tampa, Fla., for Federal Sav. and The Federal Deposit.

Federal Deposit Insurance Corp., Washington, D.C., for The Federal Deposit.

Before HATCHETT and ANDERSON, Circuit Judges, and LIVELY *, Senior Circuit Judge.

ANDERSON, Circuit Judge:

This case presents an issue involving the proper interpretation of 12 C.F.R. § 545.121 (1990). Appellant Tracy J. Harris filed an action in the district court seeking mandatory indemnification under the regulation [1] for expenses incurred in defending certain criminal charges. Harris was charged under two counts of an indictment for conduct associated with his position on the board of directors of Community Federal Savings and Loan Association of Tampa ("Community Federal"). Community Federal is currently under the control of appellee Resolution Trust Corporation ("RTC") as receiver.

Count one of the indictment charged Harris with conspiracy to obtain a seat on Community Federal's board for personal gain in violation of 18 U.S.C. § 371. Under count two, Harris and others were charged with fraudulently making a false entry in the minutes of a board meeting in violation of 18 U.S.C. §§ 2 and 1006. After a seven week trial, the jury acquitted Harris on count two, but was unable to reach a verdict on count one, the conspiracy count. The trial judge denied Harris's motion for entry of a judgment of acquittal on the conspiracy count.

Harris then made a demand on Community Federal's board for indemnification for expenses incurred in defending the criminal charges. After the board refused, Harris filed the instant action. The district court granted the RTC's motion to dismiss for failure to state a claim, reasoning that 12 C.F.R. § 545.121(c)(1) requires indemnification only where the director is acting within the scope of his duties and the director is charged solely because of his position as director, regardless of whether the director was acquitted or not. We need not decide whether the district court's rationale was correct, because we affirm the judgment on a different ground.

The relevant portions of 12 C.F.R. § 545.121(b) and (c) (1990) provide that:

(b) *General.* Subject to paragraphs (c) and (g) of this section, a savings association shall indemnify any person against whom an action is brought or threatened because that person is or was a director, officer, or employee of the association, for:

---

* Honorable Pierce Lively, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. Harris actually filed suit under 12 C.F.R. § 522.72 (1989). Section 522.72 has been repealed and replaced by the substantially similar § 545.121. Because the differences in the two sections are not relevant to the issues on appeal, we will cite to § 545.121 throughout this opinion.

(1) Any amount for which that person becomes liable under a judgment if [sic] such action; and

(2) Reasonable costs and expenses, including reasonable attorney's fees, actually paid or incurred by that person in defending or settling such action, or in enforcing his or her rights under this section if he or she attains a favorable judgment in such enforcement action.

(c) *Requirements.* Indemnification shall be made to such [person] under paragraph (b) of this section only if:

(1) Final judgment on the merits is in his or her favor; or

(2) In case of:

(i) Settlement,

(ii) Final judgment against him or her, or

(iii) Final judgment in his or her favor, other than on the merits, if a majority of the disinterested directors of the savings association determine that he or she was acting in good faith within the scope of his or her employment or authority as he or she could reasonably have perceived it under the circumstances and for a purpose he or she could reasonably have believed under the circumstances was in the best interests of the savings association or its members.

Thus, § 545.121(c)(1) provides for mandatory indemnification if there is a "final judgment on the merits" in the director's favor. Section 545.121(c)(2) provides for permissive indemnification when the result is less favorable, and upon the approval of a majority of the disinterested directors. Harris argues that he is entitled to indemnification under § 545.121(c)(1) because his acquittal under count two of the indictment was a final judgment on the merits in his favor. Harris contends, *inter alia,* that his acquittal on only one count of a two-count indictment meets the regulatory defi-

nition of a final judgment. 12 C.F.R. § 545.121(a)(iii) (1990) defines the term "final judgment" as "a judgment, decree, or order which is not appealable or as to which the period for appeal has expired with no appeal taken."

Although of course the government could not have appealed from Harris' acquittal on count two, Harris' argument is based on an incorrect interpretation of the regulation. Reading § 545.121 as a whole, the regulation requires indemnification only where final judgment on the merits in favor of the director is rendered *in an action.* See 12 C.F.R. §§ 545.121(b) and (c) (1990). An "action," in turn, is defined as "any judicial or administrative proceeding, or threatened proceeding, whether civil, criminal, or otherwise, including any appeal or other proceeding for review." 12 C.F.R. § 545.121(a)(i) (1990). Thus, the "action" for which Harris is seeking indemnification is the entire criminal proceeding, not just one count of the indictment.

Section 545.121(c) provides that indemnification shall be made "to such [person] under paragraph (b) of this section" only if there is a final judgment on the merits in his favor. Substituting the actual language of paragraph (b) for the above-quoted language, § 545.121(c) would then read:

(c) *Requirements.* Indemnification shall be made to ... [any person against whom an action is brought] only if: (1) final judgment on the merits is in his or her favor.

This juxtaposition makes it clear that the most reasonable reading of the regulation as a whole is that the final judgment in his favor must be a final judgment *in the entire action.* Because Harris did not receive a final judgment in his favor on the merits in the entire action, we conclude that Harris is not entitled to mandatory indemnification under § 545.121(c)(1).[2]

---

**2.** Although Harris was acquitted on count two, count one, the conspiracy count, resulted in a mistrial after the jury was unable to reach a verdict. The trial judge denied Harris' motion for judgment of acquittal as to the conspiracy count, specifically disagreeing "with [Harris'] assessment that 'the only evidence' presented to support the charge of conspiracy ... was hear-

say." R. 1–18 Exh. C. The district court's subsequent dismissal of the conspiracy charge at the request of the government cannot be considered a final judgment on the merits in Harris' favor. Harris does not suggest otherwise. Harris also does not suggest that he is entitled to mandatory reimbursement of his expenses in defending count one; rather, he suggests that he

If the rule urged by Harris were the law, mandatory indemnification would be available to a director convicted of 16 out of 18 counts of an indictment.[3] If § 545.121(c)(1) were applied to each count independently, such a director would be entitled to mandatory reimbursement for expenses incurred in defending against the two counts that resulted in acquittals. Where the verdict or judgment in an action is not entirely favorable, we conclude that the situation is more analogous to a settlement or a "[f]inal judgment ... other than on the merits," which of course falls within § 545.121(c)(2) providing for permissive reimbursement.

We conclude that mandatory indemnification under § 545.121(c)(1) is available only to a director, officer, or employee who has received a final judgment on the merits in his or her favor in the entire action with respect to which indemnification is sought.

AFFIRMED.

HATCHETT, Circuit Judge, dissenting:

I agree with the majority that the district court erred. We differ on the disposition of the case. The case should be remanded to the district court, not affirmed on a court of appeal's rationale, for further proceedings to provide the parties and the regulatory agencies an opportunity to argue, if they care to, the merits of this new "final judgment ... in the entire action" rationale.

These regulations apply to bank officers and employees, not just bank directors; they are important regulations. It is difficult to understand how regulations intended to protect persons involved in banking offer no aid where the government charges criminal acts in two counts, dismisses one count, and suffers an acquittal on the other count. No aid, say the majority, because no judgment has been rendered in the entire action. According to the majority, the purpose of the regulations may be defeated by a prosecutor charging offenses and then dismissing them. Was such a result ever intended?

Before making such a decision in this important area of banking, I would require a full airing of this theory in the district court. Additionally, since the only real judgment in this case is the acquittal, this is an especially inappropriate case to fashion such a rule.

---

would be entitled to consideration for permissive reimbursement with respect to that count. He makes no claim for permissive reimbursement in this case.

3. In fact, the RTC represents that one of Harris' co-defendants was indeed convicted of 16 counts and acquitted on 2 counts of the indictment. *See* Brief of Appellee at 12 (citing *United States v. Garrett*, No. 86–291–CR–T–17 (M.D.Fla. 1987)).